# EXHIBIT A

FILED
1/9/2023 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L000194
Calendar, A
20944581

FILED DATE: 1/9/2023 12:00 AM  2023L000194

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
COUNTY DEPARTMENT LAW DIVISION

| | |
|---|---|
| IRFANSYAH RIYANTO, Personal Representative of the Heirs of RATIH WINDANIA, deceased, YUMNA FANISYATUZAHRA, deceased, and ATHAR RISKI RIAWAN, deceased, and ARDO ARSITA PERMAHA, Personal Representative of the Heirs of GITA LESTARI DEWI, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY, a corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. ) ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiff Irfansyah Riyanto, Personal Representative of the heirs of Ratih Windania, deceased, and Yumna Fanisyatuzahra, deceased, and Ardo Arsita Permaha, Personal Representative of the heirs of Gita Lestari Dewi, deceased, for their Complaint against defendant The Boeing Company, an Illinois corporation, states as follows:

### COUNT I

1. Plaintiff Irfansyah Riyanto is a citizen and resident of Indonesia and is an heir of, and the Personal Representative of the heirs of, Ratih Windania, deceased, and Yumna Fanisyatuzahra, deceased. Plaintiff Ardo Arsita Permaha is a citizen and resident of Indonesia and is an heir and the Personal Representative of Gita Lestari Dewi, deceased. Plaintiffs' decedents were citizens and residents of Indonesia.

2. Defendant The Boeing Company ("Boeing") is a U.S. corporation which does business in, and is a resident of, Cook County, Illinois.

...

...

FILED DATE: 1/9/2023 12:00 AM 2023L000194

3. On a date prior to January 9, 2021, defendant Boeing designed, manufactured, assembled and sold a certain Boeing 737-500 aircraft, registration PK-CLC (the "accident aircraft").

4. On a date prior to January 9, 2021, defendant Boeing also prepared, published and provided to Sriwijaya Airlines certain instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including a Maintenance Manual (MM), a Quick Reference Handbook (QRH) and a Flight Crew Training Manual (FCTM).

5. After the sale of the accident aircraft, defendant Boeing provided further after-sale service, instruction and advice for the maintenance and operation of the accident aircraft and the training of aircraft flight crews.

6. At the time the accident aircraft left the custody and control of defendant Boeing, it was defective and unreasonably dangerous in one or more of the following respects:

> (a) the autothrottle was subject to failure and, in fact, on January 3, 2021 and again on January 4, 2021, just days before the subject crash, the pilot of the accident aircraft reported the autothrottle was unserviceable;
>
> (b) the autothrottle was subject to the thrust lever for one engine reducing, while the thrust lever for the other engine remained the same, resulting in significant differences in power being provided to the engines and causing an upset and a loss of control; and/or
>
> (c) the accident aircraft did not provide any warnings of these unreasonably dangerous and defective conditions.

7. At the time the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH and FCTM, left the custody and control of defendant Boeing, they were defective and unreasonably dangerous in one or more of the following respects:

FILED DATE: 1/9/2023 12:00 AM 2023L000194

(a) the instructions and manuals, including the MM, did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent failures of the autothrottle;

(b) the instructions and manuals, including the MM, did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent the autothrottle from causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same;

(c) the instructions and manuals, including the QRF and the FCTM, did not provide adequate instructions and advice as to recovery of the accident aircraft in the event of an upset;

(d) the instructions and manuals, including the QRF and the FCTM, did not provide any, or provided inadequate, instructions and advice as to the prevention of an upset of the accident aircraft resulting from the autothrottle causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same; and/or

(e) the instructions and manuals, including the MM, QRF and the FCTM, did not provide any warnings of the above-described defective and unreasonably dangerous conditions.

8. On January 9, 2021, the accident aircraft was being operated by Sriwijaya Airlines as Sriwijaya Air flight SJ-182 from Jakarta to Pontianak, Indonesia ("the accident flight"). The accident flight was a domestic flight within the Republic of Indonesia and was not conducted over international waters or the high seas. Plaintiff's decedents were passengers on the accident aircraft during the accident flight.

9. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft and the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH and FCTM, the autothrottle failed within minutes after the accident aircraft departed the runway and while the aircraft was over land. The thrust lever for the left

FILED DATE: 1/9/2023 12:00 AM 2023L000194

engine of the accident aircraft began reducing, while the thrust lever for the right engine remained the same. This condition remained throughout the short duration of the accident flight.

10. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft and the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH and FCTM, and the resulting failure of the autothrottle, the accident aircraft was caused to go into an upset from which the flight crew was unable to recover and the accident aircraft was caused to go out of control and violently crash, killing all those on board, including plaintiff's decedents.

11. Plaintiff's decedents left surviving heirs and beneficiaries, including plaintiff, for whose benefit this action is brought.

12. Plaintiff and the other heirs and beneficiaries of the decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the deaths of plaintiff's decedents.

WHEREFORE, plaintiff Irfansyah Riyanto, Personal Representative of the heirs of Toni Ismail, deceased, Rahmawati, deceased, and Athar Riski Riawan, deceased, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT II

1-8. As paragraphs 1-8 of Count II, plaintiff realleges paragraphs 1-8 of Count I.

9. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft and the instructions and manuals for

the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH and FCTM, the autothrottle failed within minutes after the accident aircraft departed the runway and while the aircraft was over land. The thrust lever for the left engine of the accident aircraft began reducing, while the thrust lever for the right engine remained the same. This condition remained throughout the short duration of the accident flight.

10. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft and the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH and FCTM, and the resulting failure of the autothrottle, the accident aircraft was caused to go into an upset from which the flight crew was unable to recover and the accident aircraft was caused to go out of control and violently crash, killing all those on board, including plaintiff's decedents.

11. Had plaintiff's decedents survived, they each would have been entitled to bring an action for damages, and such action has survived them.

WHEREFORE, plaintiff Irfansyah Riyanto, Personal Representative of the heirs of Toni Ismail, deceased, Rahmawati, deceased, and Athar Riski Riawan, deceased, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT III

1-5. As paragraphs 1-5 of Count III, plaintiff realleges paragraphs 1-5 of Count I.

6. At all times relevant hereto, defendant Boeing owed a duty to plaintiff and plaintiff's decedents to exercise reasonable care in the design, manufacture, assembly and sale of

the accident aircraft and in preparing, publishing and providing to Sriwijaya Airlines certain instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including a Maintenance Manual (MM), a Quick Reference Handbook (QRH) and a Flight Crew Training Manual (FCTM), and in providing further after-sale service, instruction and advice for the maintenance and operation of the accident aircraft and the training of the flight crews, so as to not cause injury to, or the deaths of, plaintiff's decedents.

7. Defendant Boeing negligently breached the duty of care it owed to plaintiff and plaintiff's decedents through one or more of the following negligent acts or omissions:

(a) negligently designed, manufactured, assembled and sold the accident aircraft such that the autothrottle system was subject to failure and, in fact, on January 3, 2021 and again on January 4, 2021, just days before the subject crash, the pilot of the accident aircraft reported the autothrottle was unserviceable;

(b) negligently designed, manufactured, assembled and sold the accident aircraft such that the autothrottle system was subject to the thrust lever for one engine reducing, while the thrust lever for the other engine remained the same, resulting in significant differences in power being provided to the engines and causing an upset and a loss of control;

(c) negligently failed to warn of these defective and unreasonably dangerous conditions;

(d) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the MM, which did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent failures of the autothrottle;

(e) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the MM, which did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent the autothrottle from causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same;

(f) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the QRF and the FCTM, which did not

FILED DATE: 1/9/2023 12:00 AM 2023L000194

provide adequate instructions and advice as to recovery of the accident aircraft in the event of an upset;

(g) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the QRF and the FCTM, which did not provide any, or provided inadequate, instructions and advice as to the prevention of an upset of the accident aircraft resulting from the autothrottle causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same;

(h) negligently failed to provide in the instructions and manuals, including the MM, QRF and the FCTM, any warnings of the above-described defective and unreasonably dangerous conditions; and/or

(i) negligently failed to provide adequate and proper training, instruction and guidance as to the appropriate maintenance and operation of the accident aircraft.

8. On January 9, 2021, the accident aircraft was being operated by Sriwijaya Airlines as Sriwijaya Air flight SJ-182 from Jakarta to Pontianak, Indonesia ("the accident flight"). Plaintiff's decedents were passengers on the accident aircraft during the accident flight.

9. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing, the autothrottle failed within minutes after the accident aircraft departed the runway and while the aircraft was over land. The thrust lever for the left engine of the accident aircraft began reducing, while the thrust lever for the right engine remained the same. This condition remained throughout the short duration of the accident flight.

10. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing and the resulting failure of the autothrottle, the accident aircraft was caused to go into an upset from which the flight crew was unable to recover and the accident aircraft was caused to go out of control and violently crash, killing all those on board, including plaintiff's decedents.

FILED DATE: 1/9/2023 12:00 AM   2023L000194

11. Plaintiff's decedents left surviving heirs and beneficiaries, including plaintiff, for whose benefit this action is brought.

12. Plaintiff and the other heirs and beneficiaries of the decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the deaths of plaintiffs' decedents.

WHEREFORE, plaintiff Irfansyah Riyanto, Personal Representative of the heirs of Toni Ismail, deceased, Rahmawati, deceased, and Athar Riski Riawan, deceased, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT IV

1-5. As paragraphs 1-5 of Count IV, plaintiffs reallege paragraphs 1-5 of Count I.

6. At all times relevant hereto, defendant Boeing owed a duty to plaintiff and plaintiff's decedents to exercise reasonable care in the design, manufacture, assembly and sale of the accident aircraft and in preparing, publishing and providing to Sriwijaya Airlines certain instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including a Maintenance Manual (MM), a Quick Reference Handbook (QRH) and a Flight Crew Training Manual (FCTM), and in providing further after-sale service, instruction and advice for the maintenance and operation of the accident aircraft and the training of the flight crews, so as to not cause injury to, or the deaths of, plaintiff's decedents.

7. Defendant Boeing negligently breached the duty of care it owed to plaintiff and plaintiff's decedents through one or more of the following negligent acts or omissions:

FILED DATE: 1/9/2023 12:00 AM 2023L000194

(a) negligently designed, manufactured, assembled and sold the accident aircraft such that the autothrottle system was subject to failure and, in fact, on January 3, 2021 and again on January 4, 2021, just days before the subject crash, the pilot of the accident aircraft reported the autothrottle was unserviceable;

(b) negligently designed, manufactured, assembled and sold the accident aircraft such that the autothrottle system was subject to the thrust lever for one engine reducing, while the thrust lever for the other engine remained the same, resulting in significant differences in power being provided to the engines and causing an upset and a loss of control;

(c) negligently failed to warn of these defective and unreasonably dangerous conditions;

(d) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the MM, which did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent failures of the autothrottle;

(e) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the MM, which did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent the autothrottle from causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same;

(f) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the QRF and the FCTM, which did not provide adequate instructions and advice as to recovery of the accident aircraft in the event of an upset;

(g) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the QRF and the FCTM, which did not provide any, or provided inadequate, instructions and advice as to the prevention of an upset of the accident aircraft resulting from the autothrottle causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same;

(h) negligently failed to provide in the instructions and manuals, including the MM, QRF and the FCTM, any warnings of the above-described defective and unreasonably dangerous conditions; and/or

(i) negligently failed to provide adequate and proper training, instruction and guidance as to the appropriate maintenance and operation of the accident aircraft.

8. On January 9, 2021, the accident aircraft was being operated by Sriwijaya Airlines as Sriwijaya Air flight SJ-182 from Jakarta to Pontianak, Indonesia ("the accident flight"). Plaintiff's decedents were passengers on the accident aircraft during the accident flight.

9. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing, the autothrottle failed within minutes after the accident aircraft departed the runway and while the aircraft was over land. The thrust lever for the left engine of the accident aircraft began reducing, while the thrust lever for the right engine remained the same. This condition remained throughout the short duration of the accident flight.

10. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing and the resulting failure of the autothrottle, the accident aircraft was caused to go into an upset from which the flight crew was unable to recover and the accident aircraft was caused to go out of control and violently crash, killing all those on board, including plaintiff's decedents.

11. Had plaintiff's decedents survived, they each would have been entitled to bring an action for damages, and such action has survived them.

WHEREFORE, plaintiff Irfansyah Riyanto, Personal Representative of the heirs of Toni Ismail, deceased, Rahmawati, deceased, and Athar Riski Riawan, deceased, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant The Boeing Co. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

Dated: February 17, 2021            WISNER LAW FIRM, P.C.

By: /s/Floyd A. Wisner
One of the Attorneys For Plaintiffs

Floyd A. Wisner
Alexandra M. Wisner
Wisner Law Firm, P.C.
161 N. Clark St.
Suite 1600
Chicago, Illinois 60601
faw@wisner-law.com
awisner@wisner-law.com
Firm ID No. 11151